**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THEODORE NILES ARITA (#422864)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN PERRY STAGG, ET AL.** | **NO. 09-0158-RET-DLD** |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on October 30, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THEODORE NILES ARITA (#422864)                              CIVIL ACTION
VERSUS
WARDEN PERRY STAGG, ET AL.                                  NO. 09-0158-RET-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions to Dismiss, rec.doc.nos. 15 and 24. These motions are opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Perry Stagg, Dr. Jonathan Roundtree, Warden Burl Cain, Sgt. Christopher Jacobs, Col. Jimmy Smith, Capt. Patrick Woods, Capt. John Hughes (identified in the Complaint as "John Houghs"), Major Chad Oubre, Major James Tillman, Capt. Matt Reed, Capt. Nick Sanders, Huey Pidgeon and Marks Allen (identified in the Complaint as "Mark Allen"), complaining that the defendants violated his constitutional rights by subjecting him to excessive force on April 18, 2008, by exhibiting deliberate indifference to his serious medical needs on that date and thereafter, and by subjecting him to retaliatory threats and harassment.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d

1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, as amended, the plaintiff alleges that on April 18, 2008, he requested to see a mental health care provider, but his requests were repeatedly refused by defendant Jacobs. Instead, defendant Patrick Woods came to the plaintiff's cell tier and, without warning or justification, sprayed a large amount of chemical irritant into the plaintiff's cell. Defendant Woods then left the tier but returned moments later with defendant Chad Oubre, and both officers then sprayed large amounts of chemical irritant into the plaintiff's cell. These officers then left the tier but returned minutes later, this time with defendants Perry Stagg, James Tillman and Jimmy Smith, whereupon all defendants proceeded to spray chemical irritant into the plaintiff's cell. Finally, the

tactical team arrived (consisting of defendants Matt Reed, Nick Sanders, Huey Pidgeon and Marks Allen) and ordered the plaintiff to come to the bars of his cell to be restrained. Although the plaintiff attempted to do so, he asserts that he was repeatedly repelled by the defendants who continued to spray chemical agents. Eventually, the tactical team entered the plaintiff's cell and "began to violently beat me by stomping, kicking, punching me with closed fist, and assaulting me with weapons such as iron battons [sic], spraying chemical agents directly up my nose/eyes, and shock shield being used directly on my back." According to the plaintiff, he was then dragged out of his cell and down the tier by his leg shackles and was thrown into the tier shower cell where the beating continued. Thereafter, he was dragged out of the building by his leg shackles and was again beaten (this time by defendants Smith, Woods, Hughes, Jacobs, Oubre and Tillman). He was ultimately placed in a van which transported him to the prison infirmary. He complains that he was beaten continuously while in the transportation van and that when he arrived at the infirmary, defendant Jonathon Roundtree refused to provide any medical treatment. The plaintiff alleges in the Complaint that, to this date, he has not been seen or treated for his injuries resulting from this incident, and he asserts that he has been subjected to continuing retaliatory verbal abuse and harassment by the defendants who work in the area where he is housed, including the threat that he will not be released from punitive segregation at Camp J at LSP.

In response to the plaintiff's allegations, the defendants first contend that the plaintiff is precluded from bringing this action by virtue of the Eleventh Amendment to the United States Constitution, which Amendment prohibits the bringing of lawsuits in federal court against a state, its agencies or persons acting as official representatives thereof. However, whereas the defendants are correct that this Amendment precludes the bringing of a lawsuit seeking monetary damages against the defendants in their official or representative capacities under § 1983, the plaintiff in this case has named the defendants in both their official and their individual capacities. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The distinction between official capacity suits and individual capacity suits was addressed

by the United States Supreme Court in <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). In <u>Hafer</u>, the Court made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. <u>Id.</u> Notwithstanding, a suit against a state official in his individual or personal capacity seeks to impose <u>individual</u> liability upon a government official for actions taken by the official under color of state law. Thus, a showing by the plaintiff that a state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. <u>Id.</u> Accordingly, the plaintiff in this case may seek to recover monetary damages from the defendants insofar as the defendants are sued in their individual capacities for actions taken by them which caused the alleged deprivation of the plaintiff's constitutional rights. Therefore, whereas the defendants' motion to dismiss should be granted with regard to the plaintiff's claim for monetary damages asserted against the defendants in their official capacities, the motion should be denied to the extent that it seeks dismissal of the plaintiff's claims asserted against the defendants in their individual capacities.

Turning to the plaintiff's claims which have been asserted against the defendants in their individual capacities, the defendants contend, in response to the plaintiff's allegations, that they are entitled to qualified immunity in connection with certain of the plaintiff's claims.[1] Specifically, as related to the enumerated claims identified below, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. <u>Hale v. Townley</u>, 45

---

[1] The defendants do not appear to seriously contend in their motion that the plaintiff's excessive force claim is subject to dismissal. Instead, the defendants merely point out alleged discrepancies between the version provided by him in his Complaint of the events of April 18, 2008, and the version provided in his administrative grievances. Inasmuch as these administrative grievances are not properly before the Court for consideration on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court will defer a consideration of the plaintiff's excessive force claims to a properly supported motion for summary judgment.

F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the district court looks to whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.  In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[2]

Undertaking the Saucier analysis, the Court concludes that the defendants' motion should be granted in part and denied in part as outlined below.

The defendants first address the plaintiff's claim asserted against defendant Burl Cain, which claim is solely that this defendant failed to properly address administrative grievances filed by the plaintiff after the above-related incidents and, instead, wrongly rejected same.  The Court finds that this claim is not one of constitutional dimension.  Specifically, the plaintiff has no constitutional right to have his grievances addressed, investigated, or favorably resolved.  Moreover, there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory.  Pearson v. Callahan, ___ U.S. __, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

Accordingly, the plaintiff's claim regarding the alleged failure of defendant Cain to properly address or investigate the plaintiff's administrative grievances is without legal foundation, and this defendant is entitled to dismissal from this proceeding.

In contrast, the Court finds that the plaintiff's allegations are sufficient to overcome the assertion of qualified immunity relative to his claim against defendant Dr. Jonathan Roundtree, at least with regard to the events of April 18, 2008. In this regard, the plaintiff alleges that after he was beaten severely by many security officers on that date, he was taken to the prison infirmary where he was seen by defendant Roundtree. Instead of attending to the plaintiff's complaints, however, defendant Roundtree allegedly, "turned his back on me ignoring my efforts". Whereas the defendants correctly assert that this allegation provides little factual detail, the Court finds that it adequately states a claim of deliberate medical indifference against defendant Roundtree, at least sufficient at this stage of the proceedings to survive a motion to dismiss based on qualified immunity.

The Eighth Amendment to the United States Constitution prohibits the wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, supra; Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference."

In the instant case, the plaintiff has alleged that, notwithstanding a severe beating of extended duration by multiple security officers, including the use of riot batons and the electronic capture shield, and notwithstanding that the plaintiff appeared in the prison infirmary immediately thereafter for medical attention, the defendant turned away and would not address the plaintiff's injuries.  This allegation adequately presents the claim that defendant Roundtree was aware of and disregarded a potentially serious medical condition faced by the plaintiff, and so, this allegation overcomes the defendant's bare-bones assertion of qualified immunity, especially on a motion to dismiss which is decided without the benefit of competent evidence.  In contrast, the plaintiff also asserts that, "still until this day, I haven't been seen or treated/given proper medical treatment." Notwithstanding this assertion, the plaintiff provides nothing to suggest that Dr. Roundtree is personally responsible for any alleged failure to provide treatment to the plaintiff after the date of the confrontation, and the plaintiff himself has since conceded, in opposition to the defendants' motions, see rec.doc.no. 17, that he received x-rays shortly after the incident, that he was transported to Earl K. Long Hospital in Baton Rouge, Louisiana, for further diagnostic review in June, 2009, and that he has also been attended by a dentist for injuries received in the incident of April 18, 2008.  Accordingly, it appears that the plaintiff has in fact received medical attention and treatment subsequent to the date of the incident, and his claim asserted against defendant Roundtree, therefore, should realistically be limited to the date of the incident itself.[3]  For this reason, whereas the defendants' motions should be denied with respect to the plaintiff's claim that defendant Roundtree was deliberately indifferent to the plaintiff's serious medical needs on April 18, 2008, the motions should be granted with respect to any claim of deliberate medical indifference

---

[3] The plaintiff appears to essentially concede in his opposition to the defendants' motions that his claim against defendant Roundtree is limited to the date of the incident.  This is made clear where he states that, "Doctor Rountree did not physically examine plaintiff on the day of the incident, nor did he prescribe any medication, or pain medication for plaintiff fractured rib, or damages to plaintiffs back, spine, head, teeth injuries.  He was deliberately indifferent to plaintiff's serious medical needs, 4/18/08".

occurring thereafter.[4]

The defendants next seek dismissal of the plaintiff's claim of retaliation asserted against the defendants. In this regard, the plaintiff alleges that after the events of April 18, 2008, he has lived in fear of retaliation and has requested that he be transferred to another area of the prison where he will not encounter the defendants. In addition, he asserts that he has been threatened by some of the defendants and has been told that they will make sure that he remains at Camp J extended lockdown. He concedes, however, that the retaliation to which he has been subjected has consisted of "mostly emotional and verbal threats", and this concession is borne out by administrative grievances which he has attached to his Complaint, in both of which grievances he complains only of verbal threats and harassment by security officers .

The law is well-settled that prison officials are not allowed to retaliate against or harass an inmate because of the inmate's exercise of his right to seek access to the courts. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). In other words, a prison guard may not harass an inmate in retaliation for the inmate complaining to supervisors about the guard's conduct. Ruiz v. Estelle, supra; Gibbs v. King, supra. However, although prisoners enjoy a well-recognized right to complain to supervisors of their jailers' wrongful conduct, this right is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights. Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997). See also Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996); Woods v. Smith, 60 F.3d. 1161 at 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133

---

[4] Although the defendants' motions seek dismissal of the plaintiff's claim of conspiracy asserted against defendant Roundtree and other defendants, the Court does not find that the plaintiff's Complaint in fact makes such a claim. All that the plaintiff alleges in this regard is that defendant Roundtree failed to document the plaintiff's injuries "in an effort to cover up wrong doing by security." This allegation does not constitute a viable assertion that defendant Roundtree or any other defendant explicitly agreed with one or more other persons to undertake a wrongful act, which is the hallmark of a conspiracy claim. Accordingly, the Court does not interpret the plaintiff's Complaint as making a viable claim of conspiracy against any defendant.

L.Ed.2d 747 (1996).  In addition, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred.  This places a significant burden on the inmate....  The inmate must produce direct evidence of motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, supra, 60 F.3d. at 1166.  Finally, in order to sustain a showing of a constitutional violation, the plaintiff must allege more than a de minimis or inconsequential "retaliatory adverse act."  Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

The Court concludes, based upon a review of the plaintiff's allegations of retaliation, that the plaintiff has failed to provide more than mere conclusory assertions of same.  Moreover, he has acknowledged that the retaliatory adverse conduct of the defendants has consisted principally of threats and verbal abuse, and he has provided the Court with copies of grievances filed by him which assert only non-constitutional claims of a failure to transfer him to another area of the prison and verbal threats and harassment.  This alleged retaliatory conduct by the defendants is de minimis and does not rise to the level of a constitutional violation.  See, e.g., Cobb v. Simmons, 2009 WL 2016072 (N.D. Tex., July 9, 2009)(finding that the adverse retaliatory conduct complained of, i.e., being shouted at by a security officer, "does not constitute an adverse act that is more than inconsequential or de minimis.").  See also McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)("[A]s a rule, 'mere threatening language and gestures of a custodial officer to not, even if true, amount to a constitutional violation.'").  Thus, the Court concludes that where the plaintiff's allegations are wholly conclusory and provide minimal factual basis to support a finding of non-de minimis retaliatory conduct, the defendants are entitled to qualified immunity as a matter of law in connection with this claim.

The defendants next contend that the plaintiff cannot recover punitive damages against them.  This argument is without merit.  The plaintiff is allowed to recover punitive damages from a

defendant who, acting in his individual capacity and under color of state law, has violated the plaintiff's constitutional rights, provided that the plaintiff proves that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of the plaintiff. Campbell v. Miles, 228 F.3d 409 (5th Cir. 2000); Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994). The plaintiff has sufficiently alleged this aspect of his claim. Accordingly, the defendants' motion should be denied in this regard.

Finally, the defendants contend that the plaintiff is not entitled to injunctive relief in this case because he has failed to establish a case or controversy as required by Article III, Section 2 of the United States Constitution. In this regard, the defendants appear to be correct. The plaintiff's principal allegations are centered around events occurring on April 18, 2008, including assertions that he was subjected to excessive force and deliberate medical indifference on that date. Notwithstanding any potential merit to these claims, the law is clear that past exposure to illegal conduct, without any current, continuing adverse effects, is insufficient to establish a case or controversy for Article III purposes with respect to injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). In order to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Society of Separationists, Inc. v. Herman, 959 F.2d 1283 (5th Cir.), cert. denied, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992). In the instant case, the plaintiff prays only for injunctive relief "to order officials to start video taping all cell entries from start to finish, and [to take] pictures." The plaintiff is not constitutionally entitled to this relief requested, and he has failed to credibly suggest a real and immediate threat of repeated injury at the hands of the defendants in the future. Accordingly, he has failed to state a claim for injunctive relief, and this aspect of his Complaint should be denied.[5]

---

[5] Although the defendants also seek dismissal of the plaintiff's state law claims asserted against them, the Court finds that the plaintiff's Complaint does not assert any state law claims.

RECOMMENDATION

It is recommended that the defendants' Motions to Dismiss, rec.doc.nos. 15 and 24, be granted in part, dismissing the plaintiff's claims asserted against defendant Burl Cain and dismissing all of the plaintiff's claims asserted against the remaining defendants except his claims for monetary damages asserting that defendant Jonathan Roundtree was deliberately indifferent to the plaintiff's serious medical needs on April 18, 2008, and that the remaining defendants subjected him to excessive force on that date, and that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on October 30, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**