UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE NILES ARITA (#422864)                     CIVIL ACTION

VERSUS

WARDEN PERRY STAGG, ET AL.                         NO. 09-0158-RET-DLD

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _____ 6th _____ day of May, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE NILES ARITA (#422864)                              CIVIL ACTION

VERSUS

WARDEN PERRY STAGG, ET AL.                                  NO. 09-0158-RET-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Partial Summary Judgment of defendant Jonathan Roundtree, rec.doc.no. 27, and the Motion to Dismiss of defendant Charles Boudreaux, rec.doc.no. 70. These motions are opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Perry Stagg, Dr. Jonathan Roundtree, Warden Burl Cain, Sgt. Christopher Jacobs, Col. Jimmy Smith, Capt. Patrick Woods, Capt. John Hughes (identified in the Complaint as "John Houghs"), Major Chad Oubre, Major James Tillman, Capt. Matt Reed, Capt. Nick Sanders, Huey Pidgeon, Marks Allen (identified in the Complaint as "Mark Allen"), and Charles Boudreaux, complaining that the defendants violated his constitutional rights by subjecting him to excessive force on April 18, 2008, by exhibiting deliberate indifference to his serious medical needs on that date and thereafter, and by subjecting him to retaliatory threats and harassment. Pursuant to earlier Report and Recommendation, approved by the District Judge on January 29, 2010, see rec.doc.nos. 26 and 44, the plaintiff's claims asserted against defendant Burl Cain have been dismissed as have all of the plaintiff's claims asserted against the remaining defendants except (1) his claim for monetary damages against Jonathan Roundtree for deliberate medical indifference on April 18, 2008, and (2) his claim that the remaining defendants subjected him to excessive force on that date.

Addressing first the Motion for Summary Judgment of defendant Jonathan Roundtree, the defendant asserts, relying upon the pleadings, a statement of Undisputed Facts, certified copies of excerpts from the plaintiff's medical records, and the defendant's affidavit, that he is entitled to qualified immunity in connection with the plaintiff's claims asserted against him. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, as amended, the plaintiff alleges that on April 18, 2008, he requested to see a mental health care provider, but his requests were repeatedly refused by defendant Jacobs. Instead, defendant Patrick Woods came to the plaintiff's cell tier and, without warning or justification, sprayed a large amount of chemical irritant into the plaintiff's cell. Defendant Woods then left the tier but returned moments later with defendant Chad Oubre, and both officers then sprayed large amounts of chemical irritant into the plaintiff's cell. These officers then left the tier but returned minutes later, this time with defendants Perry Stagg, James Tillman and Jimmy Smith, whereupon all defendants proceeded to spray chemical irritant into the plaintiff's cell. Finally, the tactical team arrived (consisting of defendants Matt Reed, Nick Sanders, Huey Pidgeon and Marks Allen) and ordered the plaintiff to come to the bars of his cell to be restrained. Although the plaintiff attempted to do so, he asserts that he was repeatedly repelled by the defendants who continued to spray chemical agents. Eventually, the tactical team entered the plaintiff's cell and "began to violently beat me by stomping, kicking, punching me with closed fist, and assaulting me with weapons such as iron battons [sic], spraying chemical agents directly up my nose/eyes, and shock shield being used directly on my back." According to the plaintiff, he was then dragged out of his cell and down the tier by his leg shackles and was thrown into the tier shower cell where the

beating continued. Thereafter, he was dragged out of the building by his leg shackles and was again beaten (this time by defendants Smith, Woods, Hughes, Jacobs, Oubre and Tillman). He was ultimately placed in a van which transported him to the prison infirmary. He complains that he was beaten continuously while in the transportation van and that when he arrived at the infirmary, he was seen by defendant Jonathon Roundtree. Instead of attending to the plaintiff's complaints, however, defendant Roundtree allegedly, "turned his back on me ignoring my efforts".

In response to the plaintiff's allegations, the defendant contends that he is entitled to qualified immunity in connection with certain of the plaintiff's claims. Specifically, the defendant contends that the plaintiff has failed to make a sufficient showing of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[1]

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which

Undertaking the Saucier analysis, the Court concludes that the defendant's motion should be granted and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

The Eighth Amendment to the United States Constitution prohibits the wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, supra; Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Although the plaintiff asserts that, "Doctor Rountree [sic] did not physically examine plaintiff on the day of the incident, nor did he prescribe any medication, or pain medication for plaintiff fractured rib, or damages to plaintiffs back, spine, head, teeth injuries", the evidence adduced on summary judgment does not support his claim. The medical records reflect that the plaintiff was seen by Dr. Roundtree on the date of the incident at approximately 12:45 p.m., and that the plaintiff complained of pain to his head and right side, and of gold having been scraped off of his tooth. In addition, Dr. Roundtree noted that the plaintiff's eyes were red and swollen and that he had several small abrasions to his chest and face. Dr. Roundtree then ordered x-rays of the plaintiff's skull and chest, discontinued the plaintiff's Naproxen prescription, substituted a prescription of 800 milligrams of Motrin, three times per day, for six weeks, and scheduled a follow-up appointment for

---

they may wish to address the two prongs of the qualified immunity analysis.

the plaintiff for three days hence on April 21, 2008. Although the plaintiff asserts that he was covered in blood and that both of his legs were black and blue and so painful that he could barely walk, his claims are belied by a subsequent medical record of the same date. Specifically, it appears that the plaintiff sought emergency medical care at around 8:00 p.m. on the night of the incident and was seen by an emergency medical technician, Anthony McCoy (not named as a defendant herein). At that time, E.M.T. McCoy noted that the plaintiff was walking with a normal gait but complained that he was still hurting from a cell entry earlier that day. The plaintiff was alert and oriented, and his physical exam was unremarkable except for a complaint of moderate abdominal pain to his right side. The health care provider noted that x-rays conducted earlier in the day had resulted in a diagnosis of "damaged ribs". Although the plaintiff complained of difficulty breathing when laying on his right side, the examination revealed no "segment movement of [right] side while inhaling or exhaling". In addition, despite complaints of right-sided pain while stretching, the plaintiff exhibited a full range of motion. Finally, although the plaintiff complained of a headache and of pain to the right side of his head, he had no vision deficits and no exterior wounds, and he voiced no other complaints. The medical provider found no basis for additional treatment other than a "stat" dose of the Motrin prescribed by Dr. Roundtree earlier in the day, and he recommended that the plaintiff keep his scheduled appointment on April 21, 2008. In short, it does not appear that the plaintiff exhibited a serious medical need which was objectively apparent and which had been ignored by Dr. Roundtree earlier in the day.

Based on the foregoing, the Court finds no basis for the imposition of liability against Dr. Roundtree. Although the plaintiff was unhappy with the care which he received on the date of the incident, it appears that his medical complaints were attended to and were not ignored. At least one of the security officers escorting the plaintiff to the infirmary noted that the plaintiff was still combative at the time of the examination, and this may have interfered with the treatment and care attempted to be provided by the defendant. Further, the plaintiff concedes that, in addition to x-rays

undertaken shortly after the incident and pain medicine prescribed by Dr. Roundtree, he has since been transported, in June, 2009, to Earl K. Long Hospital in Baton Rouge, Louisiana, for further diagnostic review, and that he has since been attended by a dentist and eye doctor for injuries allegedly received on April 18, 2008. Although the plaintiff asserts that he is still undergoing medical treatment and experiencing pain resulting from the cell entry conducted on April 18, 2008, this claim, if proven, is more appropriately viewed as a result of the force utilized prior to, during and after the cell entry of that date and not of any failure to provide medical treatment on the date of the incident. For this reason, the defendant's motion for summary judgment should be granted, dismissing the plaintiff's claims asserted against Jonathan Roundtree.

Turning to the Motion to Dismiss of defendant Charles Boudreaux pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal under this Rule if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl.

Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In response to the plaintiff's allegations, defendant Boudreaux contends that he is entitled to qualified immunity in connection with the plaintiff's claim of retaliation, that the plaintiff's claims of threats and verbal abuse are not actionable under § 1983, that the plaintiff's claims arising under state law should be dismissed pursuant to the Eleventh Amendment, and that the plaintiff's claim for injunctive relief should be dismissed as legally frivolous. The defendant does not seek dismissal of the plaintiff's claim of excessive force in the instant motion.

The arguments asserted herein by defendant Boudreaux, who has only recently been served in this proceeding, are essentially identical to those asserted by other defendants in a prior motion to dismiss filed in this proceeding. In addressing these arguments, the Court accepted the defendants' arguments and recommended dismissal of all of the plaintiff's claims asserted against the defendants except the claim of excessive force allegedly occurring on April 18, 2008. See

rec.doc.no. 26. In addition, the Court concluded that the plaintiff was not asserting any state law claims in this proceeding. The Court need not reiterate and address each of the arguments set forth in the prior Report and Recommendation but concludes, for the reasons stated therein, that the Motion to Dismiss of Charles Boudreaux should similarly be granted, dismissing all of the plaintiff's claims asserted against this defendant except the referenced claim of excessive force.

Finally, as a matter of judicial housekeeping, the Court notes that in the body of the prior Magistrate Judge's Report, rec.doc.no. 26, the Court addressed the plaintiff's claim asserted against the defendants in their official capacities and concluded that those claims should be dismissed, reserving to the plaintiff his claims asserted against the defendants in their individual capacities, citing Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). It appears, however, that this determination was not included in the formal Recommendation of the Magistrate Judge and, so, was not included in the subsequent Ruling of the District Judge. It is appropriate, therefore, that the Court now formally recommend that the plaintiff's claims asserted against the defendants in their official capacities be dismissed for the reasons stated in the prior Magistrate Judge's Report, rec.doc.no. 26, reserving to the plaintiff his claims asserted against the defendants in their individual capacities.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendant Jonathan Roundtree, rec.doc.no. 27, be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice. It is further recommended that the Motion to Dismiss of defendant Charles Boudreaux, rec.doc.no. 70, be granted, dismissing all of the plaintiff's claims asserted against this defendant except his claim for monetary damages resulting the alleged excessive force of April 18, 2008. It is further recommended that the plaintiff's claims asserted against all

defendants in their official capacities be dismissed, and that this action be referred back for further proceedings.

Baton Rouge, Louisiana, this \_\_\_\_6th\_\_\_\_ day of May, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE