# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THEODORE NILES ARITA (#422864)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN PERRY STAGG, ET AL.** | **NO. 09-0158-RET-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THEODORE NILES ARITA (#422864)**  CIVIL ACTION

**VERSUS**

**WARDEN PERRY STAGG, ET AL.**  NO. 09-0158-RET-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendants Marks Allen, Charles Boudreaux, John Hughes, Chad Oubre, Huey Pigeon, Matt Reed, Nick Sanders, Jimmy Smith, Perry Stagg, James Tillman and Patrick Woods, rec.doc.no. 113. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Perry Stagg, Dr. Jonathan Roundtree, Warden Burl Cain, Sgt. Christopher Jacobs, Col. Jimmy Smith, Capt. Patrick Woods, Capt. John Hughes, Major Chad Oubre, Major James Tillman, Capt. Matt Reed, Capt. Nick Sanders, Huey Pidgeon, Marks Allen, and Charles Boudreaux, complaining that the defendants violated his constitutional rights by subjecting him to excessive force on April 18, 2008, by exhibiting deliberate indifference to his serious medical needs on that date and thereafter, and by subjecting him to retaliatory threats and harassment.[1] Pursuant to earlier Magistrate Judge's Reports, the most recent of which was approved by the District Judge on January 29, 2010, see rec.doc.nos. 26, 44,

---

[1] An attempt by the United States Marshal's Office to serve defendant Christopher Jacobs has proven unsuccessful because service of process has not been accepted on behalf of this defendant by the Louisiana Department of Public Safety and Corrections. See rec.doc.no. 8. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Christopher Jacobs be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.

87 and 110, the plaintiff's claims asserted against defendants Burl Cain and Jonathan Roundtree have been dismissed, as have all of the plaintiff's claims asserted against the remaining defendants except his claim that these defendants, acting in their individual capacities, subjected him to excessive force in violation of the Eighth Amendment to the United States Constitution on April 18, 2008.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, a certified copy of the plaintiff's Master Prison Record, including four (4) disciplinary reports dated April 18, 2008 (charging the plaintiff with Defiance, an Aggravated Sex Offense, and Aggravated Disobedience), one (1) disciplinary report dated April 22, 2008 (charging the plaintiff with an Aggravated Sex Offense), four (4) Warden's Unusual Occurrence Reports prepared by defendants Charles Boudreaux, Huey Pigeon, Nicholas Sanders, and Marks Allen, excerpts from the plaintiff's deposition testimony given on May 14, 2010, copies of criminal records from the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, reflecting the plaintiff's conviction in May, 2007, on charges of battery on a correctional officer, certified copies of the plaintiff's Conduct Report, certified copies of excerpts from the plaintiff's medical records, a copy of LSP Directive No. 09-002 (relative to Use of Force), and the affidavits of Delvin Turner, Dr. Jonathan Roundtree and defendants Christopher Jacobs, Marks Allen, Charles Boudreaux, John Hughes, Huey Pigeon, Matt Reed, Nicholas Sanders, Jimmy Smith, Perry Stagg, James Tillman and Patrick Woods.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a

reasonable jury that it is entitled to a verdict in its favor.  Anderson, supra.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex, supra.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  Little, supra, 37 F.3d at 1076.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In his Complaint, as amended, the plaintiff alleges that on April 18, 2008, he made several requests to see a mental health care provider, but his requests were repeatedly refused by defendant Christopher Jacobs.  Instead, defendant Patrick Woods came to the bars of the plaintiff's cell and, without warning or justification, sprayed a large amount of chemical irritant into the plaintiff's cell.  Defendant Woods then left the tier but returned moments later with defendant Chad Oubre, and both officers proceeded to spray large amounts of chemical irritant into the plaintiff's cell.  These officers then left the tier but returned minutes later, this time with defendants Perry Stagg, James Tillman and Jimmy Smith, whereupon all defendants proceeded to spray chemical irritant into the plaintiff's cell.  Finally, the tactical team arrived (consisting of defendants Matt Reed, Nick Sanders, Huey Pidgeon and Marks Allen) and ordered the plaintiff to come to the bars of his cell to be restrained.  Although the plaintiff attempted to do so, he asserts that he was repeatedly repelled by the defendants who continued to spray chemical agents.  Eventually, the tactical team entered the

plaintiff's cell and "began to violently beat me by stomping, kicking, punching me with closed fist, and assaulting me with weapons such as iron battons [sic], spraying chemical agents directly up my nose/eyes, and shock shield being used directly on my back." According to the plaintiff, he was then dragged out of his cell and down the tier by his leg shackles and was thrown into the tier shower cell where the beating continued. Thereafter, he was dragged out of the building by his leg shackles and was again beaten (this time by defendants Smith, Woods, Hughes, Jacobs, Oubre and Tillman). He asserts that he was ultimately placed in a van which transported him to the prison infirmary and that he was beaten continuously during the transport to and from the infirmary.

In response to the plaintiff's allegations, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to make a sufficient showing of conduct on the defendants' part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.[2]

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

Undertaking the Saucier analysis, the Court concludes that the defendants' motion should be denied and that there are material questions of disputed fact in this case which overcome the defendants' assertion of qualified immunity.

Force is excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra. In addition, a defendant security officer may be found responsible for failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. The test is whether the observing officer had actual knowledge of a substantial risk of harm to the inmate yet disregarded that risk and failed to take reasonable measures to prevent the resulting harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

In support of their assertion that they are not liable for the use of excessive force against the plaintiff on April 18, 2008, the defendants assert (1) that the use of force on that date was reasonable

and necessary in response to the plaintiff's repeated refusal to come to the bars of his cell to be restrained, by his admittedly throwing water at security officers when they approached his cell, and by his violent and combative behavior in response to the cell entry team, and (2) that the plaintiff's claimed injuries are not supported by the medical records and do not support his claim of excessive force. The Court finds, however, that there are disputed questions of material fact which preclude the grant of summary judgment in connection with these issues. First, with regard to the defendants' assertion that the force utilized on the referenced date was not applied maliciously and sadistically but was instead applied of "in a good faith effort to maintain or restore discipline", Hudson, supra, the Court is unable to resolve the credibility dispute arising from the competing factual assertions of the parties. Whereas the defendants have provided affidavits attesting that they applied only brief bursts of chemical agent into the plaintiff's cell on April 18, 2008, in response to the plaintiff's repeated refusals to obey orders to come to the bars of his cell, and that the cell entry team utilized only reasonable force in response to the plaintiff's violent and combative behavior when they entered his cell, the plaintiff asserts, in contrast, that he was subjected to repeated applications of irritant spray when he merely attempted to speak to the defendants, that when he attempted to comply with orders to come to the bars of his cell, he was repelled by repeated applications of irritant spray, and that he offered no resistance whatever to the cell entry team on that date, which nonetheless subjected him to a brutal beating. In addition, the plaintiff has provided the sworn statements of numerous co-inmates, given "under penalty of perjury", see 28 U.S.C. § 1746, attesting to his version of the events complained of. Whereas the defendants place great emphasis upon the plaintiff's admissions in his pleadings that he threw water at certain of the defendants in response to their use of irritant spray, and upon his admission in his deposition that he became angry at the defendants and that he "done something stupid, ... bugged up, got mad, upset, something I shouldn't have did," these admissions are not necessarily inconsistent with an over-zealous use of force by the defendants thereafter. Moreover, the plaintiff's assertions, supported by the sworn statements

of co-inmates, include allegations that the defendants continued to subject him to force after they placed him in restraints and after any application of force was no longer necessary, specifically, that they beat him (1) in his cell after they placed him in restraints, (2) while escorting him from his cell to the shower cell on his tier, (3) while he was in the shower cell in restraints, (4) while escorting him down the walk to the transport van, and (5) while transporting him to and from the prison infirmary. On this showing, it appears that there are disputed questions of material fact which preclude the grant of summary judgment as to this issue.

Turning to the defendants' assertions relative to the extent of injury sustained by the plaintiff, the defendants point (1) to the relatively minor physical findings noted at the infirmary after the incident and later in the day when the plaintiff again sought medical attention, (2) the absence of any corroboration in the plaintiff's dental records relative to his claim of chipped or broken teeth, and (3) the fact that the plaintiff had previously made numerous complaints of back pain prior to April 18, 2008, and may have engaged in activities thereafter which aggravated his condition. Notwithstanding, these assertions should more aptly go to the weight to be given the plaintiff's testimony regarding the injuries he received in the incidents of April 18, 2008, or regarding the aggravation of pre-existing injuries, instead of to the question whether the plaintiff's injuries were sufficiently severe.  A recent decision of the United States Supreme Court makes clear that it is not the degree of injury which determines the viability of a claim of excessive force, but whether the force was "applied maliciously and sadistically to cause harm", thereby offending "contemporary standards of decency".  Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175 (2010), citing Hudson v. McMillian, supra.  Further, although "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," and "may also provide some indication of the amount of force applied," an inmate who has been subjected to the gratuitous use of force by prison officials "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."

<u>Id.</u> In the instant case, the plaintiff alleges that the defendants repeatedly sprayed large amounts of chemical agent into his cell and subjected him to a serious beating on April 18, 2008, without adequate provocation or justification. He was taken to the prison infirmary on that date and was prescribed pain medication, and he has subsequently continued to complain of symptoms which he attributes to the events of that date. An x-ray taken on that date revealed a hairline fracture of one of the plaintiff's ribs, and an MRI undertaken of his lower back in June, 2008, reflects that he suffers with a central disc herniation at the L4-L5 level and a broad-based disc herniation at the L5-S1 level. Although the defendants assert that the plaintiff's condition pre-dates the events of April 18, 2008, and was caused, not by the events of that date, but by prior incidents, by too much exercise, and by "Facet Syndrome" (defined as "a condition in which the joints in the back of the spine degenerate and subsequently cause pain"), the Court finds that the plaintiff's alleged injuries are sufficient to support a claim of excessive force herein.

<u>RECOMMENDATION</u>

It is recommended that plaintiff's claims asserted against defendant Christopher Jacobs be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the Motion for Summary Judgment of defendants Marks Allen, Charles Boudreaux, John Hughes, Chad Oubre, Huey Pigeon, Matt Reed, Nick Sanders, Jimmy Smith, Perry Stagg, James Tillman and Patrick Woods, rec.doc.no. 113, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on August 26, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**