# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

THEODORE NILES ARITA (#422864)                                             CIVIL ACTION

VERSUS

WARDEN PERRY STAGG, ET AL.                                             NO. 09-0158-JJB-DLD

## O R D E R

This matter comes before the Court on the defendants' Motion for Reconsideration/Clarification of the Court's Supplemental Pretrial Order, rec.doc.no. 162. This motion shall be granted in part and denied in part.

In the Court's Supplemental Pretrial Order dated June 19, 2012, see rec.doc.no. 159, the Court ruled that the defendants' witness, Jonathan Roundtree, M.D. (or current medical director), would not be allowed to testify as an expert in light of the plaintiff's objection to such testimony. Specifically, the Court concluded that Dr. Roundtree would be limited to providing testimony only (1) as a custodian of the plaintiff's medical records (indicating what the records state) and (2) as to direct treatment and observation of the plaintiff by the witness, and would not be allowed to provide testimony as to his opinions regarding the plaintiff's prior diagnoses or the meaning of notations by other health care providers in the medical records. This determination was made in light of the plaintiff's objection to such testimony and in light of the defendants' failure to comply with Fed.R.Civ.P. art. 26(a)(2).

Rules 26(a)(2)(A) and (B) provide that "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert] testimony" and, if the witness is one whose duties as the party's employee regularly involve giving expert testimony, must simultaneously provide a written report outlining, inter alia, the anticipated testimony of the expert and the basis for any opinions therein. Pursuant to Rule 26(a)(2)(D), "[a]bsent a stipulation or a court order, the disclosures must be made ... at least 90 days before the date set for trial or for the case to be ready

for trial." The defendants contend that, inasmuch as there is no stipulation or court order in this case setting forth the time for disclosure, and inasmuch as the case is neither set for trial nor ready for trial (because there are "outstanding evidentiary issues"), they were not required to disclose the identities of experts nor provide written expert reports detailing the substance of the experts' proposed testimony.

The defendants are correct that there is no stipulation or court order in this case which explicitly sets forth the date for disclosure of the identities of experts and the substance of their anticipated opinion testimony. An argument can be made, however, that such date is implicit in (1) the Court's scheduling order, rec.doc.no. 5, which provides that all discovery must be completed within ninety (90) days of the defendants' first appearance and that dispositive motions must be filed within one hundred and twenty (120) days thereafter, or (2) the Court's Order which scheduled the pretrial conference in this case, rec.doc.no. 133, which Order presupposed that the case was ready for trial by directing the parties to identify all of their anticipated witnesses and exhibits. Notwithstanding, for the reasons that follow, the Court will not penalize the defendants for their failure to comply with Fed.R.Civ.P. 26(2)(A) and (B) in this case.

When a party has failed to timely comply with the disclosure requirements of Rule 26(2)(A) and (B), the Court is directed to consider four factors in determining whether to exclude the opinion testimony of the improperly-named expert: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Hamburger v. State Farm Mutual Auto. Ins. Co., 361 F.3d 875 (5th Cir. 2004). In addressing these factors in this case, the Court finds, with regard to the first, that the defendants have provided a reasonable explanation for their failure to comply with Rule 26(a)(2), i.e., that as noted above, there is no stipulation or court order in this case which explicitly sets forth a date for the disclosure of experts. Second, the Court finds that the testimony is of substantial importance to the defendants inasmuch as they will seek to show, through this testimony, that the plaintiff's claimed injuries are more likely the result of pre-existing

events or conditions and/or are not the result of the events complained of by the plaintiff in the Complaint. Third, the Court finds that little prejudice will result to the plaintiff from the delay in disclosure inasmuch as the plaintiff has had sufficient notice of the substance of the proposed expert testimony through the defendants' filing of the affidavit of Dr. Roundtree, submitted as an exhibit in support of the defendants' Motion for Summary Judgment. Finally, the allowance of the proposed expert testimony will not result in the need for any continuance. Accordingly, upon a consideration of the pertinent four (4) factors, the Court concludes that these factors favor allowance of the proposed expert testimony, upon the defendants' compliance with the provisions of Rule 26(2)(B), and the Court will grant the defendants' motion in this respect.

The defendants next seek to have the Court amend the Supplemental Pretrial Order of June 19, 2012, so as to specifically note the defendants' stated objections to the evidentiary Rulings of the Magistrate Judge at the Pretrial Conference. This request shall be denied. The reasons provided by the Court in the Supplemental Pretrial Order are sufficiently clear, and the defendants were entitled to appeal any such Rulings to the District Judge. Further, the defendants are entitled to challenge any such Rulings at the time of trial of this matter.

The defendants next seek to have the Court reconsider and/or clarify its Rulings with regard to the admissibility of exhibits which may be offered by the defendants for impeachment, rebuttal and/or demonstrative purposes. This request shall be granted in part and denied in part. First, the Court clarifies and reiterates that the Court explicitly relieved the defendants from listing in their Pretrial Order exhibits which were to be offered solely for purposes of impeachment. <u>See</u> rec.doc.no. 147. Accordingly, the defendants will not be precluded at trial from offering evidence which fits within that category. The defendants, however, were not relieved from listing as exhibits any evidence reasonably anticipated to be used for rebuttal or for demonstrative purposes. Accordingly, the defendants were required to specifically identify these exhibits in their Pretrial Order.

Finally, the defendants request that the Court reconsider its Ruling with regard to the disallowance of handwriting expert Mary A. Sherry. This request shall be denied. Accordingly,

**IT IS ORDERED** that the defendants' Motion for Reconsideration/Clarification of the Court's Supplemental Pretrial Order, rec.doc.no. 162, be and it is hereby **GRANTED IN PART**, such that, within ninety (90) days of the date of trial in this matter, the parties shall comply with Fed.R.Civ.P. 26(a)(2)(B) with regard to any expert testimony they may seek to elicit at trial.

**IT IS FURTHER ORDERED** that the defendants' Motion for Reconsideration/Clarification of the Court's Supplemental Pretrial Order, rec.doc.no. 162, be and it is hereby **GRANTED IN PART**, such that the Court clarifies that the defendants will not be precluded at trial from offering evidence which was not listed in their Pretrial Order but which is intended solely for purposes of impeachment.

**IT IS FURTHER ORDERED** that the defendants' Motion for Reconsideration/Clarification of the Court's Supplemental Pretrial Order, rec.doc.no. 162, be an it is hereby **DENIED IN PART**, such that the defendants' objections to the Rulings of the Magistrate Judge at the Pretrial Conference of June 19, 2012, shall not be stated with greater specificity.

**IT IS FURTHER ORDERED** that the defendants' Motion for Reconsideration/Clarification of the Court's Supplemental Pretrial Order, rec.doc.no. 162, be an it is hereby **DENIED IN PART**, such that the Court will not reconsider its Ruling with regard to witness Mary A. Sherry.

Signed in Baton Rouge, Louisiana, on September 13, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**