# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THEODORE NILES ARITA (#422864)**              **CIVIL ACTION**

**VERSUS**

**WARDEN PERRY STAGG, ET AL.**                       **NO. 09-0158-SDD-RLB**

## RULING

Before the Court comes Plaintiff, Theodore Arita's, *Motion in Limine* to exclude certain evidence at trial[1].  Specifically, Plaintiff moves the Court to:

1) Exclude evidence "which would show prior bad acts or characters of the other party and past disciplinary records"[2];

2) Exclude the expert opinion testimony of Dianne Peabody, Dr. Billy Cannon, and Dr. Jason Collins;

3) Exclude Plaintiff's medical records on the grounds that they are "prejudicial"; and

4) Issue an Order limiting Dr. Jonathan J. Roundtree from testifying to evidence pertaining to Plaintiff's past medical history.

## EVIDENCE OF PRIOR BAD ACTS

In a *Supplemental Pretrial Order*, Magistrate Judge Dalby cautioned that:

"In the event [Defendants] may wish to produce evidence aimed at calling into question the Plaintiff's bad character and/or propensity for violence, such as evidence of other bad acts allegedly committed by the Plaintiff, the Court will direct the Defendants to provide to the Plaintiff similar evidence relative to each of the Defendants (such as the Defendants disciplinary records and accusations of misconduct made against them by other inmates) in order that the Plaintiff may have an opportunity to present such evidence before the Jury."

---

[1] Rec. Doc. 210.
[2] Rec. Doc. 210.

The Court agrees with and hereby reiterates Magistrate Dalby's cautionary instructions[3]. The parties are directed to Federal Rules of Evidence 404, 405, and 406. The Plaintiff's motion to exclude "prior bad acts, or characters of the other party and past disciplinary records" is REFERRED TO THE MERITS.

## EXCLUSION OF EXPERT WITNESSES

### A.    Dr. Jason Collins

Plaintiff's primary objection to expert testimony provided by Dr. Jason Collins is that he did not treat the Plaintiff. The Plaintiff's *Motion in Limine* to exclude Dr. Jason Collins is denied. A witness who is qualified by "knowledge, skill, experience, training, or education" may provide opinion testimony if such opinion testimony will be helpful to the trier of fact, is based on sufficient facts or data, or is the product of reliably applied principles and methods[4]. The fact that Dr. Collins was not the Plaintiff's treating physician is not grounds to exclude Dr. Collins. Accordingly, the Plaintiff's *Motion to Limine* with respect to Dr. Jason Collins is DENIED.

### B.    Dianne Peabody

Dianne Peabody is the mental health director at Louisiana State Penitentiary (LSP). Plaintiff moves to exclude Peabody on the grounds that the Defendants will attempt to introduce evidence of prior bad acts, namely Plaintiff's violation of LSP disciplinary rule 21[5]. The Defendants represent to the Court that they are "not going to introduce any evidence" of the Plaintiff's violation of LSP disciplinary rule number 21 at trial. Accordingly, the Plaintiff's *Motion in Limine* to exclude opinion testimony from Dianne Peabody is DENIED.

---

[3] Rec. Doc. 147.
[4] FRE 702.
[5] violating LSP disciplinary rule number 21.

**C.      Dr. Billy Cannon**

Plaintiff moves to exclude testimony of Dr. Billy Cannon, a dentist at LSP, on the grounds that Dr. Cannon's testimony does not "relate to the specific teeth, or injury that Petitioner has complained of". In his lawsuit, Plaintiff alleges that his teeth were kicked in and broken in half in the incident occurring on April 18, 2008. Plaintiff's dental records prior to and following the April 18, 2008 incident are relevant to the Plaintiff's claims. Dr. Cannon examined the Plaintiff and documented the Plaintiff's dental history prior to the subject incident. Dr. Cannon will be permitted to testify regarding the Plaintiff's dental history prior to April 18, 2008 and regarding the Plaintiff's dental condition following April 18, 2008. The Plaintiff's *Motion in Limine* to exclude opinion testimony from Dr. Billy Cannon is DENIED.


**EXCLUSION OF MEDICAL RECORDS**

Plaintiff moves to exclude certain medical records, specifically medical records from 2009 – 2012, March 2012 to present, medical records from 2007, and medical records from 2004 – 2005. Plaintiff moves to exclude these medical records on the basis of their "prejudicial nature".

Plaintiff claims physical and mental injury as a result of the subject incident. To the extent that the Plaintiff introduces evidence of injury, the Defendants are permitted to refute that evidence with medical records and other medical evidence which may show the nature and extent of medical conditions which pre-existed the incident date. The Plaintiff's *Motion in Limine* to exclude past medical records is DENIED, reserving to Plaintiff the right to object to the relevance of the admissibility of medical records at the time of trial.

**EXCLUSION OF PAST CRIMINAL HISTORY**

The parties are instructed to consult Federal Rule of Evidence 609.  If the Defendants seek to offer evidence of prior felony convictions of the Plaintiff or any of the witnesses, the Court will determine at trial whether the probative value outweighs its prejudicial effect under FRE 403.   The Plaintiff's Motion is REFERRED TO TRIAL.

Signed at Baton Rouge, Louisiana this _23_ day of August, 2013.

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**