UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE NILES ARITA (#422864)                    CIVIL ACTION

VERSUS

WARDEN PERRY STAGG, ET AL.                        NO. 09-0158-SDD-RLB

## RULING

Before the Court comes Defendants' *Motion in Limine*[1] seeking to exclude evidence. Plaintiff opposes the motion. Specifically, Defendants request exclusion of:

(1) Evidence of deliberate medical indifference and falsified medical records on April 18, 2008;

(2) Evidence of retaliation, verbal harassment, and/or threats at the disciplinary board hearing;

(3) Evidence of falsification of disciplinary reports;

(4) Evidence of alleged prior bad acts of the Defendants before and/or after April 18, 2008;

(5) Letter by Plaintiff to Investigative Services dated May 4, 2008;

(6) ARP's (Administrative Remedy Procedures) by the Plaintiff No. LSP (Louisiana State Penitentiary) – 2008-574, No. LSP – 2008-1202, No. LSP – 2008-1284, No. LSP – 2008-1299, and No. LSP – 2008-3461;

(7) Evidence that suggests Plaintiff should not have been exposed to chemical agents on April 18, 2008; and

---
[1] Rec. Doc. 213.

(8)     Evidence regarding Chris Jacobs' alleged involvement in the incident of April 18, 2008.

In his *Complaint*, as amended, the Plaintiff alleges that on April 18, 2008, the Plaintiff requested to see a mental health care provider but his requests were repeatedly refused. Plaintiff alleges that, instead, Defendant, Patrick Woods, came to Plaintiff's cell tier and without warning or justification sprayed a large amount of chemical irritant into the Plaintiff's cell. Plaintiff alleges that Defendant, Woods, then left the tier but returned shortly thereafter with Defendant, Chad Oubre, and both officers then sprayed large amounts of chemical irritant into the Plaintiff's cell. According to the Plaintiff, these officers then left the tier but returned again minutes later this time with Defendants, Perry Stagg, James Tillman, and Jimmy Smith, whereupon the Plaintiff alleges that all Defendants proceeded to spray chemical irritants into the Plaintiff's cell. Thereafter, a tactical team arrived and ordered the Plaintiff to come to the bars of the cell to be restrained. Plaintiff alleges that he attempted to do so but was repeatedly repelled by Defendants who continued to spray chemical agents. Plaintiff alleges that the tactical team entered his cell and "began to violently beat me by stomping, kicking, punching me with closed fists, and assaulting me with weapons such as iron battons [sic], spraying chemical agents directly up my nose/eyes, and shot shield being used directly on my back". The Plaintiff alleges he was thereafter dragged out of his cell and down the tier by his leg shackles and was thrown into the tier shower where the beating continued. The Plaintiff alleges thereafter he was dragged out of the building by his leg shackles and was again beaten. Plaintiff alleges that he was ultimately placed in a van which transported him to the prison infirmary. He alleges that he was beaten

continuously while in transport to the prison infirmary and that, when he arrived at the infirmary, he was refused medical treatment. Plaintiff alleges that, as of the date of filing his *Complaint*, he was not treated for his injuries. Plaintiff further alleges that he has been subjected to continuing retaliatory verbal abuse and harassment including threats that he will not be released from punitive segregation at Camp J at LSP.

## EVIDENCE OF ALLEGED DENIAL OF MEDICAL TREATMENT OR DELIBERATE MEDICAL INDIFFERENCE AND FALSIFIED MEDICAL RECORDS

Plaintiff's claims of denial of medical treatment and deliberate medical indifference have been dismissed[2], and this is the law of the case. Thus, evidence of alleged denial of medical treatment and evidence of deliberate medical indifference will be excluded and the Defendants' *Motion in Limine* is GRANTED.

To the extent that the Defendants offer Plaintiff's medical records of April 18, 2008 and thereafter to defend or rebut the Plaintiff's allegations that he was injured in the incident of April 18, 2008, evidence of falsification of medical records may be relevant. Accordingly, Defendants' *Motion in Limine* to exclude evidence of the falsification of medical records is DENIED. The Court cautions the Plaintiff that the Court is <u>not</u> ruling that evidence of falsification of medical records will be admissible. Rather, the Court is denying the Defendants' *Motion in Limine* at this time.

## EVIDENCE OF RETALIATION, VERBAL HARASSMENT, AND/OR THREATS AT THE DISCIPLINARY HEARING

Defendants move to exclude potential evidence of retaliation, verbal harassment, threats, falsification of disciplinary reports, and prior bad acts of the Defendants on the grounds of relevance. Defendants' *Motion in Limine* is DENIED and the question of admissibility is referred to the merits. Again, the Plaintiff is cautioned that the Court is

---

[2] Rec. Doc. 87 Rec. Doc. 110 (where court adopts R&R).

not ruling that the subject evidence is admissible at trial. Rather, relevance objections, if and when made, will be ruled upon at trial and may result in exclusion of evidence if the Court determines that the evidence is irrelevant or more prejudicial than probative. As to evidence of prior bad acts, the parties are cautioned that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"[3].

Evidence of other acts is not admissible "to show action in conformity therewith"[4]. However, evidence of prior bad acts may be admissible for other purposes such as demonstrating either plan, motive or absence of mistake[5]. Ruling on the relevance and admissibility of alleged prior bad acts is deferred to the time of trial.

## MAY 4, 2008 LETTER FROM PLAINTIFF TO INVESTIGATIVE SERVICES

Defendants move to exclude a letter dated May 4, 2008 written by the Plaintiff to Investigative Services at Louisiana State Penitentiary requesting an investigation into allegations of excessive force. Assuming that the letter is being offered "for the truth of the matter asserted"[6], it is inadmissible hearsay and the Defendants' *Motion in Limine* is GRANTED without prejudice to the Plaintiff's attempt to establish that the document constitutes non-hearsay or that there is an applicable exception to the hearsay rule.

The Defendants also move to exclude various administrative grievances filed by the Plaintiff.[7] The subject ARP's also constitute inadmissible hearsay and the Defendants' *Motion in Limine* is GRANTED without prejudice to the Plaintiff's attempt to

---

[3] FRE 404.
[4] FRE 404b.
[5] *Alaniz v. Zamora-Quezada*, 591 F.3d 761, (La. App. 5th Cir. 2009).
[6] FRA 801.
[7] ARP Nos. LSP-2008-574, LSP-2008-1202, LSP-2008-1284, LSP-2008-1299, and LSP-2008-3461.

establish that the documents constitute non-hearsay or that there is an applicable exception to the hearsay rule.

### EVIDENCE THAT SUGGESTS THAT PLAINTIFF SHOULD NOT HAVE BEEN EXPOSED TO CHEMICAL AGENT ON APRIL 18, 2008

The Defendants move to exclude all evidence that the Plaintiff should not have been exposed to chemical agents on April 18, 2008. This is an excessive force claim. Any evidence of the use of chemical agents is relevant to the Plaintiff's excessive force claims. Accordingly, the Defendants' *Motion in Limine* is DENIED. Defendants retain the right to object to said evidence at the time of trial under Federal Rule of Evidence 403.

### EVIDENCE OF STATEMENTS MADE BY CHRIS JACOBS

Defendants move to exclude any and all evidence regarding Chris Jacobs' alleged involvement in the subject events and statements made by Christopher Jacobs on the grounds that Jacobs is not a defendant. Out of court statements made by a non-party are generally hearsay and any out of court unsworn statements made by Jacobs would constitute inadmissible hearsay. However, the Court DENIES the Defendants' *Motion in Limine* and will defer ruling on the admissibility of Christopher Jacobs' statements and other alleged conduct until the time of trial.

Baton Rouge, Louisiana the 28 day of August, 2013.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA